UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA BARNES and APRIL LAMBERT,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., d/b/a FEDEX GROUND,<br><br>    Defendant. | CIVIL ACTION<br>FILE NO. _____ |

## **COMPLAINT FOR DAMAGES**

Plaintiffs Joshua Barnes and April Lambert file their Complaint against Defendant FedEx Ground Package System, Inc., d/b/a FedEx Ground, and show this Court as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiffs Joshua Barnes and April Lambert (collectively "Plaintiffs") are residents of, citizens of, and are domiciled in Henry County, Georgia.

2.

Defendant FedEx Ground Package System, Inc., d/b/a FedEx Ground ("FedEx") is a Delaware corporation with its principal place of business located at 1000 FedEx Drive, Moon Township, Pennsylvania, 15108-9373. Accordingly, FedEx is a citizen of Delaware and Pennsylvania for jurisdictional purposes. Defendant FedEx's registered agent for service of process is The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Georgia, 30040-2794. When said agent is served with copies of the Summons and Complaint in this matter, Defendant FedEx will be subject to the jurisdiction and venue of this Court. Defendant FedEx has been properly served in this matter.

3.

There is complete diversity of citizenship between the Plaintiffs (Georgia) and the Defendant (Delaware and Pennsylvania), and the amount in controversy exceeds $75,000 exclusive of interest and costs, so this Court has subject matter jurisdiction over this case via diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1).

4.

Venue is proper pursuant to 28 U.S.C. § 1391.

## BACKGROUND, FACTS, AND THE INCIDENT

5.

On March 7, 2021, at or around 4:28 p.m., Plaintiff Joshua Barnes was operating a motorcycle while traveling north on Georgia Highway 36 in Lamar County. Plaintiff April Lambert was riding on the back of that motorcycle.

6.

At that same time, and before that time, Stormy Taylor, an agent or employee of Defendant FedEx, operated a FedEx Ground truck that was owned and/or controlled by Defendant FedEx for use on public highways. Just before the crash, the FedEx Ground truck stopped in the middle of the roadway so that it could back into a nearby driveway.

7.

The abrupt stopping of the FedEx Ground truck in the middle of the roadway put Plaintiffs in immediate peril, and forced them to choose between colliding into the truck, steering into the oncoming lane (which contained vehicle traffic), or steering off of the roadway and into a ditch/culvert. Every option presented the possibility of serious injury or death.

8.

In order to minimize any injuries that they would sustain, Plaintiff Joshua Barnes steered the bike off of the roadway and into a ditch/culvert.

9.

Prior to and on March 7, 2021, Defendant FedEx failed to exercise reasonable care for the safety of others who might be affected by its actions and allowed the negligent operation of the above-mentioned FedEx Ground truck while the truck and its driver were in violation of legally mandated minimum safety requirements and violated multiple Federal laws, Georgia laws, regulations, and rules of the road.

10.

On March 7, 2021, said violations caused Plaintiffs to be forced off of the roadway. The negligent operation of Defendant FedEx's truck proximately caused serious injuries to Plaintiff.

11.

At all times relevant hereto, Defendant FedEx was negligently supervising the operation of its FedEx Ground truck, which resulted in the above-described incident and proximately caused serious injuries to Plaintiffs.

12.

Defendant FedEx is liable under the doctrine of respondeat superior for the harm caused to Plaintiffs by the wrongful acts of its employee, Stormy Taylor, who was acting in the scope and course of her employment with Defendant FedEx and during the actual transaction of Defendant FedEx's business when she caused the subject incident, proximately causing Plaintiffs to suffer injuries, general damages, and special damages.

13.

Defendant FedEx is liable to Plaintiffs because it negligently entrusted its vehicle to Stormy Taylor even though she was not properly suited to drive the vehicle, proximately causing injuries to Plaintiffs, and because Defendant FedEx failed to properly hire, train, retain, and supervise its employee so that she would not cause harm to persons such as Plaintiffs, proximately causing injuries and damages to Plaintiffs.

14.

Defendant FedEx is negligent *per se* because (1) its acts and/or the acts of its employees were in violation of Federal laws and regulations and Georgia laws and regulations regarding the use and operation of motor vehicles and commercial motor vehicles, (2) the laws were designed to prevent the type of collision and

injuries involved in the subject litigation, (3) Plaintiffs are a member of the class intended to be protected by said laws, and (4) the violation of said laws proximately caused Plaintiffs' injuries.

15.

Defendant FedEx knew or should have known that operating its truck on a Georgia State Highway while its driver was not properly suited to operate it would result in harm to the individuals who would be affected by the operation of said truck.

16.

Defendant FedEx knew or should have known that its failure to properly hire, train, retain, and supervise its employees so that they would not cause harm to persons such as Plaintiffs would result in harm to individuals who would be affected by said employees, yet Defendant FedEx still failed to properly hire, train, retain, and supervise its employees, including, but not limited to, Stormy Taylor.

17.

At all times relevant hereto, Defendant FedEx was operating the subject truck as a motor carrier pursuant to O.C.G.A. §§ 40-1-50 and 40-1-100 *et seq.*, as well as other applicable laws.

## INJURIES AND COMPENSATORY DAMAGES

18.

As a result of Defendant FedEx's negligence and negligence *per se*, Plaintiffs sustained personal injuries, special damages, and general damages for which they are entitled to be compensated by Defendant FedEx.

19.

As a direct and proximate result of Defendant FedEx's negligence and negligence *per se*, Plaintiffs have incurred medical expenses in excess of $100,000.00, the exact amount to be proven at trial.

20.

As a direct and proximate result of Defendant FedEx's negligence and negligence *per se*, Plaintiffs have incurred lost wages in excess of $10,000.00, the exact amount to be proven at trial.

21.

As a result of said injuries, Plaintiffs have sustained permanent impairment, permanent disability, and permanent disfigurement.

22.

As a direct and proximate result of Defendant FedEx's negligence and negligence *per se*, Plaintiffs will continue to suffer both general and special

damages in the future, including expenses for future medical treatment, the exact amount to be proven at trial.

23.

Defendant FedEx has acted in bad faith, has been stubbornly litigious, and has caused Plaintiffs unnecessary trouble and expense by forcing Plaintiffs to resort to the use of the court system in order to resolve their claims when there is no bona fide controversy. Accordingly, Plaintiffs seek attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

24.

There is clear and convincing evidence that Defendant FedEx acted with such willful, wanton, conscious, and reckless indifference, which demonstrated an entire wanton of care for property and the safety and well-being of victims like Plaintiffs and others so as to evidence a conscious indifference to the consequences of its acts, which included an extreme degree of risk. These actions demand and warrant an award of punitive damages against Defendant FedEx that will punish it for the harm it has caused and that will deter it from similar future misconduct.

### **PRAYER FOR RELIEF**

25.

Plaintiffs pray for the following relief:

- 9 -

(a) That Plaintiffs recover all legally compensable damages in excess of $75,000.00 that were inflicted by Defendant FedEx, which they suffered in the past and will continue to suffer in the future, including but not limited to, compensation for physical pain, emotional distress, mental anguish, disfigurement, physical impairment, lost wages, lost earning capacity, pecuniary loss, loss of companionship and society, medical expenses, property damage, and any additional damages;

(b) That punitive damages be awarded against Defendant FedEx in an amount sufficient to punish it for the harm caused by its dangerous conduct, and to deter it from similar future misconduct;

(c) That Plaintiffs recover pre-judgment and post-judgment interest as allowed by applicable law;

(d) That Plaintiffs recover their costs of suit;

(e) That Defendant FedEx pay Plaintiffs' attorneys' fees and expenses of litigation;

(f) That Plaintiffs have a trial by jury; and

(g) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of February, 2022.

|  |  |
|---|---|
|  | **ASHBY | THELEN | LOWRY** |
|  | */s/ Drew Ashby* |
| 445 Franklin Gateway, SE | Andrew S. Ashby |
| Marietta, Georgia 30067 | Georgia Bar No. 455020 |
| Main: (404) 777-7771 | Maxwell K. Thelen |
| Fax:   (404) 777-7772 | Georgia Bar No. 311404 |
| drew@atllaw.com | Seth A. Lowry |
| max@atllaw.com | Georgia Bar No. 867568 |
| seth@atllaw.com |  |
|  | **FOSTER COUNTS, LLP** |
|  | */s/ James Foster* |
| 1201 West Peachtree Street, NW | James Z. Foster |
| Suite 2300 | Georgia Bar No. 756038 |
| Atlanta, Georgia 3309 |  |
| Main: (404) 800-0050 |  |
| Fax:   (404) 493-2322 |  |
| james@foster-law.com | *Counsel for Plaintiffs* |

## CERTIFICATION

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.).