UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| APRIL LAMBERT,<br><br>    Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., d/b/a FEDEX GROUND,<br><br>    Defendant. | CIVIL ACTION<br>FILE NO. 1:22-cv-00740-TWT |

### PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Under Fed. R. Civ. P. 15(a)(1), Joshua Barnes is dropped as a party/plaintiff to this case, and Plaintiff April Lambert files her First Amended Complaint against Defendant FedEx Ground Package System, Inc., d/b/a FedEx Ground, showing this Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff April Lambert is a resident of, citizen of, and is domiciled in Henry County, Georgia.

2.

Defendant FedEx Ground Package System, Inc., d/b/a FedEx Ground ("FedEx") is a Delaware corporation with its principal place of business located at 1000 FedEx Drive, Moon Township, Pennsylvania, 15108-9373. Accordingly, FedEx is a citizen of Delaware and Pennsylvania for jurisdictional purposes. Defendant FedEx's registered agent for service of process is The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Georgia, 30040-2794. When said agent is served with copies of the Summons and Complaint in this matter, Defendant FedEx will be subject to the jurisdiction and venue of this Court. Defendant FedEx has been properly served in this matter.

3.

There is complete diversity of citizenship between Plaintiff (Georgia) and the Defendant (Delaware and Pennsylvania), and the amount in controversy exceeds $75,000 exclusive of interest and costs, so this Court has subject matter jurisdiction over this case via diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1).

4.

Venue is proper pursuant to 28 U.S.C. § 1391.

## BACKGROUND, FACTS, AND THE INCIDENT

5.

On March 7, 2021, at or around 4:28 p.m., nonparty Joshua Barnes was operating a motorcycle while traveling north on Georgia Highway 36 in Lamar County. Plaintiff April Lambert was riding on the back of that motorcycle.

6.

At that same time, and before that time, Stormy Taylor, an agent or employee of Defendant FedEx, operated a FedEx Ground truck that was owned and/or controlled by Defendant FedEx for use on public highways. Just before the crash, the FedEx Ground truck stopped in the middle of the roadway so that it could maneuver the vehicle in a different direction.

7.

The stopping of the FedEx Ground truck in the middle of the roadway put nonparty Joshua Barnes and his passenger, Plaintiff Lambert, in peril, and forced Mr. Barnes to choose between colliding into the truck, steering into the oncoming lane (which contained vehicle traffic), or steering to the right of the vehicle into an area covered in grass or gravel, where Barnes would almost certainly lose control of the motorcycle. Every option presented the possibility of serious injury or death.

8.

In order to minimize any injuries that they would sustain, Mr. Barnes steered the bike to the right of the FedEx truck, into the area covered in grass/gravel, where he lost control of the motorcycle and went into a guardrail.

9.

Prior to and on March 7, 2021, Defendant FedEx failed to exercise reasonable care for the safety of others who might be affected by its actions and allowed the negligent operation of the above-mentioned FedEx Ground truck while the truck and its driver were in violation of legally mandated minimum safety requirements and violated multiple Federal laws, Georgia laws, regulations, and rules of the road.

10.

On March 7, 2021, said violations caused Mr. Barnes and Plaintiff to be forced off of the roadway. The negligent operation of Defendant FedEx's truck proximately caused serious injuries to Plaintiff.

11.

As a passenger of Mr. Barnes, Plaintiff had no control over the motorcycle or where it traveled. As a result, Plaintiff bears no fault for the crash or the catastrophic injuries that she sustained.

12.

At all times relevant hereto, Defendant FedEx was negligently supervising the operation of its FedEx Ground truck, which resulted in the above-described incident and proximately caused serious injuries to Plaintiff.

13.

Defendant FedEx is liable under the doctrine of respondeat superior for the harm caused to Plaintiffs by the wrongful acts of its employee, Stormy Taylor, who was acting in the scope and course of her employment with Defendant FedEx and during the actual transaction of Defendant FedEx's business when she caused the subject incident, proximately causing Plaintiff to suffer injuries, general damages, and special damages.

14.

Defendant FedEx is liable to Plaintiff because it negligently entrusted its vehicle to Stormy Taylor even though she was not properly suited to drive the vehicle, proximately causing injuries to Plaintiff, and because Defendant FedEx failed to properly hire, train, retain, and supervise its employee so that she would not cause harm to persons such as Plaintiff, proximately causing injuries and damages to Plaintiff.

15.

Defendant FedEx is negligent *per se* because (1) its acts and/or the acts of its employees were in violation of Federal laws and regulations and Georgia laws and regulations regarding the use and operation of motor vehicles and commercial motor vehicles, (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation, (3) Plaintiff is a member of the class intended to be protected by said laws, and (4) the violation of said laws proximately caused Plaintiff's injuries.

16.

Defendant FedEx knew or should have known that operating its truck on a Georgia State Highway while its driver was not properly suited to operate it would result in harm to the individuals who would be affected by the operation of said truck.

17.

Defendant FedEx knew or should have known that its failure to properly hire, train, retain, and supervise its employees so that they would not cause harm to persons such as Plaintiff would result in harm to individuals who would be affected by said employees, yet Defendant FedEx still failed to properly hire, train, retain, and supervise its employees, including, but not limited to, Stormy Taylor.

18.

At all times relevant hereto, Defendant FedEx was operating the subject truck as a motor carrier pursuant to O.C.G.A. §§ 40-1-50 and 40-1-100 *et seq.*, as well as other applicable laws.

## INJURIES AND COMPENSATORY DAMAGES

19.

As a result of Defendant FedEx's negligence and negligence *per se*, Plaintiff sustained personal injuries, special damages, and general damages for which she is entitled to be compensated by Defendant FedEx.

20.

As a direct and proximate result of Defendant FedEx's negligence and negligence *per se*, Plaintiff has incurred medical expenses in excess of $100,000.00, the exact amount to be proven at trial.

21.

As a direct and proximate result of Defendant FedEx's negligence and negligence *per se*, Plaintiff has incurred lost wages in excess of $10,000.00, the exact amount to be proven at trial.

22.

As a result of said injuries, Plaintiff has sustained permanent impairment, permanent disability, and permanent disfigurement.

23.

As a direct and proximate result of Defendant FedEx's negligence and negligence *per se*, Plaintiff will continue to suffer both general and special damages in the future, including expenses for her future medical treatment, the exact amount to be proven at trial.

24.

Defendant FedEx has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve their claims when there is no *bona fide* controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

25.

There is clear and convincing evidence that Defendant FedEx acted with such willful, wanton, conscious, and reckless indifference, which demonstrated an entire wanton of care for property and the safety and well-being of victims like Plaintiff and others so as to evidence a conscious indifference to the consequences

of its acts, which included an extreme degree of risk. These actions demand and warrant an award of punitive damages against Defendant FedEx that will punish it for the harm it has caused and that will deter it from similar future misconduct.

## APPORTIONMENT OF FAULT

26.

Under Georgia law, defendants in civil cases may attempt to shift fault to other defendants, or other persons/entities who are not parties to the lawsuit. This is called apportionment.

27.

Although defendants can apportion fault away from themselves in any case, that apportionment will reduce the verdict (and judgment) against them only when the plaintiff sues more than one defendant. *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 312 Ga. 350, 351 (2021).

28.

If the plaintiff sues only one defendant, that defendant may argue that fault should be apportioned to others during the trial, and the jury may ultimately apportion fault to others, but the single defendant will, itself, be liable for the entire amount of the verdict, without regard to any apportionment. *Id*. In other words, the full amount of the judgment will be entered against the single defendant, without

regard to any apportionment, and without any reduction of the Plaintiff's damages as a result of any apportionment. *Id*.

29.

Since Plaintiff here has sued only one defendant, any apportionment of fault to a nonparty by the jury in this case will not affect the Court's judgment, if any, against Defendant FedEx, which will be liable for the entire amount of any verdict in favor of Plaintiff.

## **PRAYER FOR RELIEF**

30.

Plaintiff prays for the following relief:

(a)  That Plaintiff recover all of her legally compensable damages in excess of $75,000.00 that were inflicted by Defendant FedEx, which she suffered in the past and will continue to suffer in the future, including but not limited to, compensation for physical pain, emotional distress, mental anguish, disfigurement, physical impairment, lost wages, lost earning capacity, pecuniary loss, medical expenses, and any additional damages;

(b) That punitive damages be awarded against Defendant FedEx in an amount sufficient to punish it for the harm caused by its dangerous conduct, and to deter it from similar future misconduct;

(c) That Plaintiff recover pre-judgment and post-judgment interest as allowed by applicable law;

(d) That Plaintiff recover their costs of suit;

(e) That Defendant FedEx pay Plaintiff's attorneys' fees and expenses of litigation;

(f) That Plaintiff have a trial by jury; and

(g) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of March, 2022.

**ASHBY | THELEN | LOWRY**

 */s/ Drew Ashby*
Andrew S. Ashby
Georgia Bar No. 455020
Maxwell K. Thelen
Georgia Bar No. 311404
Seth A. Lowry
Georgia Bar No. 867568

445 Franklin Gateway, SE
Marietta, Georgia 30067
Main: (404) 777-7771
Fax:  (404) 777-7772
drew@atllaw.com
max@atllaw.com
seth@atllaw.com

|  | **FOSTER COUNTS, LLP** |
|---|---|
|  | /s/ *James Foster* |
| 1201 West Peachtree Street, NW | James Z. Foster |
| Suite 2300 | Georgia Bar No. 756038 |
| Atlanta, Georgia 3309 |  |
| Main: (404) 800-0050 |  |
| Fax:   (404) 493-2322 |  |
| james@foster-law.com | *Counsel for Plaintiffs* |

## CERTIFICATION

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.).