UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| APRIL LAMBERT,              ) | |
|                             ) | |
|   Plaintiff,                ) | |
|                             ) | |
| v.                          ) | CIVIL ACTION FILE NO. |
|                             ) | 1:22-CV-00740-TWT |
| FEDEX GROUND PACKAGE        ) | |
| SYSTEM, Inc., d/b/a FEDEX   ) | |
| GROUND,                     ) | |
|                             ) | |
|   Defendants.               ) | |

**<u>DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

COMES NOW Defendant FedEx Ground Package System, Inc. (hereinafter, "FedEx Ground" or "Defendant"), by and through its undersigned counsel, and herein responds to Plaintiff's Complaint as follows:

**<u>FIRST DEFENSE</u>**

Defendant denies any negligence and denies that it breached any duty owed to Plaintiff, thus there can be no recovery in this action against Defendant.

1

## SECOND DEFENSE

No act or omission of Defendant either proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiff; therefore, there can be no recovery against Defendant in this action.

## THIRD DEFENSE

The sole proximate cause of Plaintiff's alleged injuries and damages, if any, was the negligence, subsequent acts, or subsequent omissions of others, for whose negligence, subsequent acts, or subsequent omissions Defendant is not liable; therefore, there can be no recovery against Defendant in this action.

## FOURTH DEFENSE

Defendant breached no duty whatsoever to Plaintiff, whether arising by statute, by common law, or otherwise; therefore, there can be no recovery against Defendant in this action.

## FIFTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and Plaintiff's alleged injuries and damages.

## SIXTH DEFENSE

To the extent the evidence shows Plaintiff failed to exercise ordinary care for her own safety, Plaintiff is not entitled to recover from Defendant.

## SEVENTH DEFENSE

Plaintiff's alleged damages are barred to the extent Plaintiff's failed to mitigate their damages.

## EIGHTH DEFENSE

Venue is improper in the present Court as to this Defendant.

## NINTH DEFENSE

Plaintiff's Complaint is improper and should be dismissed on the grounds that Plaintiff failed to join an indispensable party pursuant to Fed. R. Civ. P. Rule 12(b)(7) and Rule 19.

## TENTH DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted. Specifically, Plaintiff's Complaint fails to set forth a sufficient factual basis to support Plaintiff's allegations of negligence.

## ELEVENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of aggravated, exemplary, or punitive damages (O.C.G.A. §§ 51-12-5 or 51-12-5.1) are contrary, by their express terms and as applied to Defendant in this action, to the United States Constitution and the Georgia Constitution, and are, therefore, void inasmuch as such statutes allow for the deprivation of property without due process

of law.  (U.S. Constitution Amendments V and XIV; Georgia Constitution, Article 1, Section I, Paragraph 1).

## TWELFTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of aggravated, exemplary, or punitive damages (O.C.G.A. §§ 51-12-5 or 51-12-5.1) are contrary, by their express terms and as applied to Defendant in this action, to the United States Constitution and the Georgia Constitution, and are, therefore, void inasmuch as such statutes allow for the imposition of an excessive fine.  (U.S. Constitution Amendments XII and XIV; Georgia Constitution, Article 1, Section I, Paragraph 17).

## THIRTEENTH DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct in connection with the event(s) that form the basis of this action would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 1, Paragraph 1 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia because any other judgment for punitive damages in this action cannot protect Defendant against impermissible multiple punishments for the same conduct.

## FOURTEENTH DEFENSE.

Personal jurisdiction is or may become improper as to this Defendant.  See Cooper Tire & Rubber Company v. McCall, 836 S.E.2d 81 (2021).

## FIFTEENTH DEFENSE

This Defendant presently has insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unknown, Affirmative Defenses.  Accordingly, this Defendant reserves the right herein to assert additional Affirmative Defenses in the event discovery indicates it would be appropriate.

## SIXTEENTH DEFENSE

This Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint; accordingly, those allegations stand denied.

2.

Defendant admits it is a Delaware corporation with its principal place of business located at 1000 FedEx Drive, Moon Township, Pennsylvania 15108-9373,

admits it is a citizen of Delaware for jurisdictional purposes, admits it may be served with process through its registered agent, The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794, and admits it has been served with process. Defendant denies it is subject to the personal jurisdiction of this Court. See Cooper Tire & Rubber Company v. McCall, 836 S.E.2d 81 (2021). Responding further, Defendant denies venue is proper in the present Court, as the incident forming the basis of Plaintiff's Complaint occurred in the Middle District of Georgia, and Defendant's registered agent resides in the Gainesville Division of the Northern District of Georgia. Defendant denies the remaining allegations set forth in Paragraph 2.

3.

Defendant admits it is a citizen of Delaware for jurisdictional purposes, but is without knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 3 of Plaintiffs' Complaint; accordingly, those allegations stand denied.

4.

Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint. Specifically, Defendant denies venue is proper in the present Court, as the incident forming the basis of Plaintiff's Complaint occurred in the Middle District of

Georgia, and Defendant's registered agent resides in the Gainesville Division of the Northern District of Georgia.

## BACKGROUND, FACTS, AND THE INCIDENT

5.

Upon information and belief, Defendant admits the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies it employed Stormy Taylor and denies it owned the vehicle Stormy Taylor was operating at the time of the incident forming the basis of Plaintiff's Complaint, but admits Stormy Taylor was an agent of FedEx Ground at the time of the subject incident. Defendant further denies Stormy Taylor stopped in the middle of the roadway "just before the crash," and denies the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits Mr. Barns negligently and recklessly drove his motorcycle off the right side of the roadway at a high rate of speed and lost control of his

motorcycle, but denies any role, negligence or other wrongdoing in the incident forming the basis of Plaintiff's Complaint, and denies the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint; accordingly, those allegations stand denied.

12.

Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies it employed Stormy Taylor at the time of the incident forming the basis of Plaintiff's Complaint, but admits that Stormy Taylor was its

agent, she was acting in the course and scope of said agency at the time of the subject collision, and that the doctrine of *respondeat superior* applies to Plaintiff's claims against Defendant. Responding further, Defendant denies either Defendant or Stormy Taylor were negligent, denies Defendant or Stormy Taylor proximately caused the subject incident, and denies that Defendant or Stormy Taylor proximately caused Plaintiff's alleged injuries or damages. Defendant further denies Plaintiff is entitled to recovery from this Defendant, and demands strict proof thereof. Except as explicitly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint it did not specifically admit herein.

14.

Defendant denies it employed Stormy Taylor at the time of the incident forming the basis of Plaintiff's Complaint but admits that Stormy Taylor was its agent pursuant to the terms of an operating agreement between Defendant and Stormy Taylor's employer, Tidal Coast, Inc., and that she was acting in the course and scope of said agency at the time of the subject collision. Responding further, Defendant denies it owned the vehicle involved in the incident forming the basis of Plaintiff's Complaint but admits the vehicle was operated within the scope of the operating agreement between Defendant and Tidal Coast, Inc. Finally, Defendant denies the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies it employed Stormy Taylor at the time of the incident forming the basis of Plaintiff's Complaint but admits that Stormy Taylor was its agent pursuant to the terms of an operating agreement between Defendant and Stormy Taylor's employer, Tidal Coast, Inc., and that she was acting in the course and scope of said agency at the time of the subject collision.  Defendant denies the remaining allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies it employed Stormy Taylor at the time of the incident forming the basis of Plaintiff's Complaint but admits that Stormy Taylor was its agent pursuant to the terms of an operating agreement between Defendant and Stormy Taylor's employer, Tidal Coast, Inc., and that she was acting in the course and scope of said agency at the time of the subject collision.  Responding further, Defendant denies it owned the vehicle involved in the incident forming the basis of Plaintiff's Complaint but admits the vehicle was operated within the scope of the operating agreement between Defendant and Tidal Coast, Inc.  Finally, Defendant denies the remaining allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies it employed Stormy Taylor at the time of the incident forming the basis of Plaintiff's Complaint but admits that Stormy Taylor was its agent pursuant to the terms of an operating agreement between Defendant and Stormy Taylor's employer, Tidal Coast, Inc., and that she was acting in the course and scope of said agency at the time of the subject collision.  Responding further, Defendant denies the remaining allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.

The allegations set forth in Paragraph 18 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint; accordingly, those allegations stand denied and Defendant demands strict proof thereof.

**INJURIES AND COMPENSATORY DAMAGES**

19.

Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

## APPORTIONMENT OF FAULT

26.

The allegations set forth in Paragraph 26 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint; accordingly, those allegations stand denied and Defendant demands strict proof thereof.

27.

The allegations set forth in Paragraph 27 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint; accordingly, those allegations stand denied and Defendant demands strict proof thereof.

28.

The allegations set forth in Paragraph 28 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint; accordingly, those allegations stand denied and Defendant demands strict proof thereof.

29.

The allegations set forth in Paragraph 29 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint; accordingly, those allegations stand denied and Defendant demands strict proof thereof.

**PRAYERS FOR RELIEF**

30.

Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

**SEVENTEENTH DEFENSE**

To the extent Plaintiff's Prayer for Relief requires a further response, this Defendant denies any and all allegations contained therein, including all subparts.

**EIGHTEENTH DEFENSE**

This Defendant denies any and all other allegations contained in Plaintiff's Complaint it did not specifically admit herein above.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully prays for the following relief from this Honorable Court:

1. That Plaintiff's claims be denied and that that this Honorable Court dismiss this Defendant, with prejudice;

2. That all costs, attorneys' fees, and expenses for this action be taxed against Plaintiffs;

3. That this case be tried before a jury of twelve (12) persons; and

4. For all such other relief as this Honorable Court deems just and proper.

Respectfully submitted, this 23rd day of March, 2022.

**CALLAHAN & FUSCO, LLC**

*/s/ Michael Denney*
**Michael Denney**
Georgia Bar No.: 643121
*Counsel for Defendant*

160 Clairemont Avenue, Suite 340
Decatur, Georgia 30030
Tel: 877-618-9770
FAX: (954) 252-2308
Email: mdenney@callahanfusco.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the forgoing *DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT* upon all counsel of record via electronic file-and-serve and via statutory electronic service as follows:

| | |
|---|---|
| Drew Ashby<br>Maxwell K. Thelen<br>Seth A. Lowry<br>ASHBY THELEN LOWRY<br>445 Franklin Gateway, SE<br>Marietta, GA 30067<br>drew@atllaw.com<br>max@atllaw.com<br>seth@atllaw.com | James Foster<br>FOSTER COUNTS, LLP<br>1201 West Peachtree Street, NW<br>Suite 2300<br>Atlanta, GA 30309<br>james@foster-law.com |

Respectfully submitted, this 23rd day of March, 2022.

                                                **CALLAHAN & FUSCO, LLC**

                                                */s/ Michael Denney*
                                                **Michael Denney**
                                                Georgia Bar No.: 643121
                                                *Counsel for Defendant*

160 Clairemont Avenue, Suite 340
Decatur, Georgia 30030
Tel: 877-618-9770
FAX: (954) 252-2308
Email: mdenney@callahanfusco.com