IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| APRIL LAMBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., d/b/a FedEx Ground,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:22-CV-740-TWT |

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 67], which is GRANTED.

### I. Background[1]

This case arises from injuries that the Plaintiff April Lambert sustained in a motorcycle accident on March 7, 2021. She was riding on the back of a motorcycle driven by her husband, Joshua Barnes, down a two-lane highway on a clear day with light traffic. (Def.'s Statement of Undisputed Material Facts ¶¶ 2–3, 6, 9–10, 28). Ahead of Barnes and Lambert on the same highway and traveling in the same direction, Stormy Taylor was driving a FedEx Ground truck and completing her package delivery route. (*Id.* ¶ 24).

---

[1] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

Just before the accident occurred, Taylor activated her left turn signal, slowed to a stop, and was waiting to make a left turn into a grassy patch next to a driveway to complete her next delivery.[2] (*Id.* ¶¶ 29–30, 35). As she waited for oncoming traffic to clear so she could safely make her turn, Barnes approached her truck from behind, passed the truck on the right shoulder, struck a driveway, and was thrown from the motorcycle onto the road, along with Lambert, sustaining injuries. (*Id.* ¶¶ 60–61).

"Barnes has no explanation for why he did not see the FedEx Ground vehicle in front of him until 'right before [he] left the roadway.'" (*Id.* ¶ 62 (citing Barnes Dep. at 46:22-25)). Nothing impeded his vision at the time of the accident, and aside from the "distance" between him and the truck, he offers no explanation for his inability to stop the motorcycle as he approached the truck. (*Id.* ¶¶ 63–64; Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts ¶ 63). Taylor's truck, however, had been effectively stopped waiting to make the left turn for *nine seconds* by the time the motorcycle passed the truck on the right. (Def.'s Statement of Undisputed Material Facts ¶¶ 52–53).

Barnes and Lambert originally filed suit against the Defendant FedEx Ground Package System, Inc. in this Court on February 22, 2022. Lambert

---

[2] Lambert claims that Taylor's truck crossed the white fog line on her right by approximately one foot as she waited to make the left turn. (Pl.'s Statement of Additional Undisputed Material Facts ¶¶ 16–17). The parties dispute the materiality of such an alleged fact. (Def.'s Resp. to Pl.'s Statement of Additional Undisputed Material Facts ¶¶ 4, 16–17).

filed an Amended Complaint on March 7, 2022, dropping Barnes as a party to the case. The Defendant FedEx Ground now moves for summary judgment as to the Plaintiff's vicarious liability, direct negligence, punitive damages, and attorneys' fees claims.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III. Discussion

Before the Court on summary judgment are the Plaintiff's vicarious liability negligence claims and the issue of apportionment of fault.[3] The

---

[3] In her response brief, the Plaintiff conceded summary judgment on her direct negligence, punitive damages, and attorneys' fees claims. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 1, 18). The Court accepts the Plaintiff's

3

Defendant argues that the vicarious liability claims fail as a matter of law because any underlying negligence claim against Taylor, the FedEx Ground truck driver, fails. (Br. in Supp. of Def.'s Mot. for Summ. J., at 7). The Defendant contends that Taylor did not breach any duty owed to the Plaintiff and that the sole proximate cause of her injury was the negligent act of her husband driving the motorcycle. (*Id.* at 8–11). The Defendant also contends that the Plaintiff's negligence per se claims fail because Taylor did not violate any Georgia traffic statutes. (*Id.* at 12). In response, the Plaintiff argues that Taylor negligently contributed to the accident by failing to maintain her lane and stopping the truck to make an illegal left turn, which she claims precludes summary judgment. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 4).

"Although the issue of whether a driver has exercised ordinary care under the circumstances is usually a jury question, where the undisputed facts show liability or the lack thereof such that reasonable minds cannot differ, the issue may be decided as a matter of law." *Rios v. Norsworthy*, 266 Ga. App. 469, 471 (2004). The Plaintiff offers three theories in support of her position that Taylor's driving constituted negligence per se: first, that Taylor failed to maintain her lane in violation of O.C.G.A. § 40-6-48; second, that she was illegally stopped on the highway in violation of O.C.G.A. § 40-6-203; and third,

---

concession and will grant summary judgment in the Defendant's favor on these claims.

4

that she intended to make an illegal left turn in violation of O.C.G.A. § 40-6-71. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 11–16).

The Court agrees with the Defendant that the plain text of the statutes forecloses any notion that Taylor violated either the second or third traffic rules. (Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 9–15). Specifically, regarding the second statute, she stopped on the highway only because it was "necessary to avoid conflict with other [oncoming] traffic." O.C.G.A. § 40-6-203(a). And the third statute merely mandates that drivers yield to oncoming traffic when turning left "into an alley, private road, or driveway." O.C.G.A. § 40-6-71. As the Defendant points out, "the statute does not limit permissible turns to only those 'within an intersection or into an alley, private road or driveway' and nothing in the text of the statute forbids left turns into any other area, such as a grass pad near a driveway." (Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 13). Rather, Georgia law contemplates that a driver may "otherwise turn a vehicle from a direct course" so long as she does so "with reasonable safety," as Taylor was preparing to do here. O.C.G.A. § 40-6-123(a).

Finally, regarding Taylor's alleged failure to maintain her lane, the Plaintiff cites authority in the criminal context establishing that "if a driver crosses a fog line, he violates O.C.G.A. § 40-6-48(1)." (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 12 (quoting *Chapman v. State*, 368 Ga. App. 682, 685 (2023))). But the Court does necessarily read *Chapman* as requiring a

finding of negligence per se in the civil context, primarily because the statute contemplates moving outside the lane once the driver "ascertain[s] that such movement can be made with safety." O.C.G.A. § 40-6-48(1). Here, even if Taylor crossed the fog line on her right as she slowed to a stop and prepared to make a left turn, she did so safely and presumably as a courtesy to the oncoming traffic. She could not have foreseen that a motorcycle would attempt to pass her on the shoulder nine seconds after she slowed to a stop. Accordingly, the Court is not persuaded that the Plaintiff has created a genuine dispute of material fact as to the issue of breach in the case.

But even if Taylor was negligent in crossing the fog line while waiting to make the left turn (she was not), her hypothetical negligence did not proximately cause the Plaintiff's injury. The issue of proximate cause "should be answered by the court as a matter of law in plain and undisputed cases, that is, in cases where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion, that the defendant's acts were not the proximate cause of the injury." *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1399 (11th Cir. 2011) (quotation marks and citations omitted). Such is the case here. Taylor was "under no duty to protect the plaintiff from the injury which in fact occurred." *Id.* (citation omitted). Rather, as the Plaintiff aptly notes, her injury occurred because her husband "inexplicably (through inattentiveness, distraction, or otherwise) failed to observe the truck[.]" (Pl.'s Resp. Br. in Opp'n

6

to Def.'s Mot. for Summ. J., at 3). Also plausible, if not likely, is that the Plaintiff's husband saw the truck stopped and consciously decided to attempt passing the truck on the shoulder rather than slowing his speed and waiting for the truck to turn. Intent notwithstanding, his negligence or recklessness plainly and palpably caused the accident, and therefore, Taylor's actions were not a proximate cause of the Plaintiff's injuries.

Accordingly, the Plaintiff's vicarious liability negligence claims fail as a matter of law, and the Defendant is entitled to summary judgment on all of the Plaintiff's claims. Having found that summary judgment in favor of the Defendant was proper as to the Plaintiff's vicarious liability claims, the issue of apportionment of fault is moot.

### IV.   Conclusion

For the foregoing reasons, the Defendant's Motion for Summary Judgment [Doc. 67] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of the Defendant on all claims and to close the case.

SO ORDERED, this   23rd   day of January, 2024.

THOMAS W. THRASH, JR.
United States District Judge